■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE TAYLOR, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 2, 1974, convicting him of attempted robbery in the second degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was indicted for attempted robbery in the second degree and attempted grand larceny in the third degree. The indictment arose out of the attempted robbery of a woman outside a department store on April 2, 1973. The complainant testified that two men, whom she could not positively identify, blocked her passage, apparently on signal. One of the men knocked her down and unsuccessfully attempted to wrench her purse from her grasp. The other man ran off. Defendant's signed statement, given to the police, indicated that he had given his friend, David Washington, an automobile ride to May's Department Store. Twenty minutes later, defendant went to look for Washington, who had left the car near May's. He found Washington outside the store and said, "let's go". Washington agreed to leave. At that moment, as a woman approached them, Washington advised defendant that he was going to grab her pocketbook. When he did so, the woman resisted and defendant ran off to his car, with Washington following a few minutes later. In his signed statement, defendant admitted that he knew Washington was "going to do something wrong. I thought he was just going to steal something in Mays" and "whatever he stole he would give me part of it." There was also testimony that defendant and Washington switched clothes during their time away from the car. Washington testified, on behalf of the defendant, that he had been involved in the instant crime and had already pleaded guilty to attempted robbery. He admitted he had been a drug addict and had gone to the department store with the intent to steal in order to sustain his habit. He testified he had never disclosed his plans to defendant. He further testified that defendant had spoken to him outside the department store, but had started to return to the car and was 35 to 50 feet away when he, Washington, attempted to seize the complainant's pocketbook. Defendant testified that he was talking to Washington outside the store, when a woman passed by. Washington told defendant, "I'm going to get this pocketbook." As Washington went toward the woman, defendant ran away because he "wanted nothing to do with it". At the car, defendant exchanged coats with Washington, since he feared that his red and black coat "would be picked out". During the course of the charge to the jury, the court instructed them, *inter alia,* (1) that Washington "was an accomplice of the defendant as a matter of law"; (2) that defendant could be convicted on the testimony of the accomplice if such testimony were corroborated by other evidence tending to connect defendant, beyond a reasonable doubt, with the commission of the crime; (3) that Washington was defendant's "principal"; and (4) that Washington's motive could be considered by the jury in determining defendant's intent. Under the circumstances herein and even in the absence of exception, it was improper and prejudicial error for the

court to so charge. Defendant was charged with the crimes of attempted robbery in the second degree and attempted grand larceny in the third degree as an aider and abettor of a person actually present. The evidence was very close on the question whether defendant was Washington's partner in the crimes charged or an innocent bystander. Washington's testimony tended to exculpate defendant, rather than inculpate him. Consequently, the trial court's charge that Washington was an accomplice as a matter of law and defendant's principal and that Washington's motive had a bearing on the question of defendant's intent could only have confused the jury and suggested to them the answer to the main question which they, as the triers of the facts, had to resolve, i.e., defendant's culpability, if any, in the crimes charged. The trial court should merely have charged the jury that in weighing the credibility of Washington, a defense witness, they could take into account his involvement in the instant crime and plea of guilty relative thereto, as well as any other prior convictions. Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.